## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NELSON PAUL NAQUIN**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO.   21-1099**

**SAINT ANN'S HOSPITAL/OCHSNER**                 **SECTION "D"(4)**


## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2).   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual Summary

The plaintiff, Nelson Paul Naquin ("Naquin"), is an inmate housed in the Lafourche Parish Correctional Complex ("LPCC").   He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against "St. Ann's Hospital/Ochsner's".   Rec. Doc. 1.

Naquin contends that on the night of June 23, 2020, he was taken to St. Ann's Hospital by members of the Lafourche Parish Sheriff's Office. *Id*. at p. 5.   He alleges that he was brought to the hospital after being badly beaten. When he arrived at the hospital, Naquin alleges that his left eye and ear were bleeding and that there was broken glass in his left eye and foot. He further alleges that the left side of his head was bruised and swollen.   *Id*.   Naquin also alleges that he had a deep cut in his left knee and that his back and chest were heavily bruised.   He further alleges that his right forearm had three deep bloody gashes and his right hand and wrist were swollen and bruised.

Naquin alleges that when he arrived at the emergency entrance of St. Ann's Hospital, a doctor and two nurses immediately approached him. *Id*. He further contends that when they learned the reason he was arrested, the doctor changed his attitude towards him. *Id*. According to Naquin, the doctor treated him like he was a piece of garbage. At the hospital, a quick MRI was administered. *Id*. During the MRI Naquin alleges that he was placed in the MRI room, required to lie down on the machine, and he was not told to remove the four post earrings or other metal objects from his person.

Naquin alleges that after being in the MRI machine for 5-7 minutes he was retuned to the police and the doctor instructed them to take him back to jail where he belonged. *Id.* at p. 6. According to Naquin, he inquired about whether he would receive further treatment for his physical wounds and the doctor stated, "you'll live". *Id*. Naquin alleges that the doctor ignored him, and the hospital staff did not offer him a wheelchair when he left the emergency room. *Id*. He alleges that he almost fell three times as he walked back to the police car in the parking lot, and he would have fallen if the officers had not helped. *Id*.

In the relief section of the complaint, Naquin requested a subpoena for the video footage from St. Ann's hospital in Raceland, Louisiana, his medical records, medical records from the Lafourche Parish Correctional Complex, and a jury trial. *Id.* at p. 7. He also seeks a verbal apology from the doctor on shift the night of his emergency and 1.5 million dollars in damages for the alleged medical malpractice and the conduct of the doctor.

**II.    <u>Standard of Review</u>**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

Naquin complains that on June 23, 2020, he was brought to St. Ann's Hospital/ Ochsner's in Raceland, Louisiana. He complains that the standard of medical care he received because he was a prisoner was less than adequate. Naquin alleges that the doctor conducted an MRI but after the test he told the police to take Naquin back to jail despite his physical injuries. He seeks monetary relief for the damages he sustained.

3

The Louisiana Medical Malpractice Act ("the Act"), La. Rev. Stat. Ann. § 40:1231.1, governs claims made against qualified health care providers. Pursuant to La. Rev. Stat. Ann. § 40:1231.8(A)(1)(a), "[a]ll malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section." Malpractice is defined as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient ...." La. Rev. Stat. Ann. § 40:1231.1(13).

Naquin's claim is a claim sounding in medical malpractice.  He disagreed with the treatment and/or diagnostic procedures utilized by the doctor on the night he was taken to the emergency room.   He does not however allege that he sustained any further injuries as a result of the alleged rudeness of the doctor or minimal medical care. Naquin's claim fails because (1) this is a medical malpractice claim which he did not submit to the medical review panel rendering the claim premature and (2) he has not alleged any injuries and therefore no §1983 claim lies. Therefore, Naquin's claims are frivolous and should be dismissed as such.

**IV.**   **Recommendation**

It is therefore **RECOMMENDED** that Nelson Paul Naquin claims brought pursuant to 42 U.S.C. § 1983 against the defendants, St. Ann's Hospital/Ochsner, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and 42 U.S.C. § 1997e.

4

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 26th day of April 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections.   Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

5