UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON PAUL NAQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1099** |
| **SAINT ANN'S HOSPITAL/OCHSNER** | **SECTION D (4)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Appointment of Counsel.[1] In his motion, Plaintiff contends that counsel should be appointed because of the complexity of the case, his inability to investigate, and potential conflicting testimony.[2] The Court disagrees. Plaintiff is not entitled to appointment of counsel in this civil matter.[3] While a district court may appoint counsel if doing so "would aid in the efficient and equitable disposition of the case," appointment of counsel should be reserved for cases presenting "exceptional circumstances."[4] Courts have emphasized that the power to appoint counsel is a power of last resort, and even where exceptional circumstances warrant appointment, the Court must first exhaust all other options.[5] The Fifth Circuit has held that the "Ulmer Factors," govern whether a court should

---

[1] R. Doc. 13.
[2] *Id.*
[3] *Delaughter v. Woodall*, 909 F.3d 130, 140-41 (5th Cir. 2018).
[4] *Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir. 1986); *see also Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see also Haley v. Natchitoches Par. Det. Ctr.,* 602 F. App'x 1008, 1009 (5th Cir. 2015) (denying a request for the appointment of counsel because the prisoner failed to "present 'exceptional circumstances'" (quoting *Ulmer*, 691 F.2d at 213).
[5] *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).

compel the appointment of counsel to assist a pro se civil litigant who is proceeding in forma pauperis.[6] The four Ulmer Factors are:

> (1) the type and complexity of the case;
> (2) whether the indigent is capable of adequately presenting his case;
> (3) whether the indigent is in a position to investigate adequately the case; and
> (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[7]

The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.[8]

Beginning with the first factor, the type and complexity of the case, courts have found that cases involving inadequate medical care, such as the present dispute, are not exceptional because they involve issues that have been briefed and analyzed in numerous past cases.[9] Plaintiff alleges that the doctor's attitude changed upon hearing of the reason for Plaintiff's arrest.[10] He then contends he was provided inadequate medical care, but does not claim any injury from any alleged inadequate care.[11] Further, Plaintiff readily acknowledges that he is seeking a subpoena and video footage from the hospital to support his claims, neither which necessarily require the expertise of counsel.[12] By Plaintiff's own claims, this is not a complex case.

---

[6] *Ulmer*, 691 F.2d at 213.
[7] *Id.*
[8] *Id.*
[9] *Lazard v. Gusman*, No. 14–2860, 2015 WL 5882984 (E.D. La. Oct. 8, 2015) (citing cases involving medical malpractice in prison). These cases include *Lee v. Hennigan*, 98 Fed. App'x 286 (5th Cir. 2004); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).
[10] R. Doc. 9.
[11] *Id.*
[12] *Id.*

He seeks monetary damages and an apology from the doctor. Accordingly, the Court finds that this factor weighs in favor of denying Plaintiff's request to appoint counsel.

As to the second and third factors, Plaintiff summarily states that he is unable to investigate since he is incarcerated. He provides no other reason for being unable to investigate.[13] The Court finds that Plaintiff has done a credible job in presenting motions, which are both legible and well-written, and in filing supporting papers on his behalf. Thus, it appears that Plaintiff can adequately develop the facts and present his case in any further proceedings.[14] Accordingly, the Court finds that these factors weigh in favor of denying Plaintiff's request to appoint counsel.

As to the final factor, it is unclear at this time whether the evidence would consist in large part of conflicting testimony, but much of the evidence will likely consist of official records and documentary evidence related to Plaintiff's medical condition. As noted above, Plaintiff concedes as much by seeking his records and video footage from the hospital. Accordingly, the Court finds that this factor is neutral.

Under the four-factor inquiry established by the Fifth Circuit in *Ulmer*, the Court finds that this is not an exceptional case entitling Plaintiff to appointment of counsel. Further, because Plaintiff has done a credible job presenting and filing motions related to the case, the Court determines that appointed counsel is not necessary to aid in the efficient and equitable disposition of the case. While the Magistrate Judge did not address Plaintiff's Motion for Appointment of Counsel in

---

[13] *Id.*
[14] *See* R. Doc. 9, R. Doc. 11, R. Doc. 12, and R. Doc. 13.

her Report and Recommendation, she did detail the claims made by Plaintiff.[15] For the reasons explained in the Magistrate Judge's Report and Recommendation separately issued, Plaintiff has failed to exhaust the administrative requirements of submitting the claim to a medical review panel and his claim is thus both premature and frivolous. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel[16] is **DENIED**.

New Orleans, Louisiana, May 31, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[15] R. Doc. 14.
[16] R. Doc. 13.